JOHN P. HEISS *v.* D. CORCORAN AND J. DAVERN.

Where a memorandum of objection to the admission of a document offered in evidence was found in the record—*Held:* That unless the grounds of objection are stated, such a memorandum cannot be noticed by the Supreme Court as an exception to evidence.

Where a supplemental and amended answer has been filed by order of court, the Judge who permitted its filing cannot, *proprio motu*, rule it out, as not filed in time.

Where witnesses have been offered and cross-examined without objection, and written evidence offered and received without a proper and intelligible exception reserved, the party against whom such parol and written evidence has been given cannot be heard to object in this court to its admissibility.

Where, in protesting a note, the notary declared that he presented it for payment through his deputy, and certified that he notified the endorser, by a letter to his address put in the Post Office, after vain attempts made to find him or his domicil, and the evidence showed that the endorser resided in the same city with the Notary, and was a person well known, and that he or his residence might have been found by the Notary—*Held:* That in such a case, the endorser would not be liable, on account of the want of notice.

APPEAL from the Third District Court of New Orleans, *Duvigneaud, J.* B. S. *Tappan,* for plaintiff.   T. H. *Howard* and M. M. *Reynolds,* for defendants and appellants.

BUCHANAN, J.   Plaintiff brought this suit in January, 1856, as holder, against defendants, as maker and endorser of a promissory note for five hundred dollars, protested at maturity, about a year previously (February, 1855,) for non-payment.

Issue was joined by both defendants within a month after suit brought.

*Corcoran* filed a peremptory exception that the note had been issued by him to *Mr. John Slidell,* and endorsed by *Davern* for his (*Corcoran's*) accommodation; that the same had been paid to *Mr. Slidell,* the holder, at maturity, by plaintiff, who was *Corcoran's* partner in the Daily Delta newspaper, and for account of *Corcoran,* who was owner of one-fourth of said paper; that such payment had extinguished the note; and if plaintiff had any claim at all, it was a mere personal claim against *Corcoran,* in settlement of partnership account, for so much paid; that he, *Corcoran,* had never been able to bring his partner, the plaintiff, to account, although frequently demanded; and that he had instituted a suit against him, No. 7174 of the docket of the Fifth District Court of New Orleans, for settlement of partnership, which suit was still pending; and pleaded the said suit in bar of the present action.

*Davern* filed for answer, the plea of want of notice of protest of the note sued on.

The cause remained untried, upon these pleadings, until May 30th, 1859, when, on motion of counsel of plaintiff, and on suggesting the death of defendant, *Corcoran,* the suit was discontinued as to said defendant.

On the same day, the cause was continued as to the other defendant, *Davern,* upon a written consent to submit the same, upon the testimony to be furnished by the parties, and taken in the clerk's office by the 6th June, 1859.

On the same day, May 30th, 1859, after the entry of the order of continuance in the minutes, and after the agreement to submit was signed, but before any evidence was taken, defendant, *Davern,* filed a supplemental answer, with leave of

court, signed by the Judge, in which he adopted the defence pleaded by his co-defendant, *Corcoran*, in addition to the plea already filed by himself.

Much evidence, parol and documentary, was taken by the parties under their agreement, from the 3d to the 7th June, 1859, inclusive. All of this evidence was received without objection, if we except the record of the suit referred to in *Corcoran's* peremptory exception, as to which we find the following memorandum : " The defendant offering in evidence the transcript from the Fifth District Court entitled *D. Corcoran v. J. P. Heiss & W. G. Kendall*, the same is objected to on the part of plaintiff, who reserves his bill of exceptions if the same is received." As no ground of objection is stated, however, this cannot, under the settled practice of this court, be noticed as an exception to evidence. The whole of the depositions of witnesses, and documentary and record evidence thus taken, is copied in this transcript, and constituted the evidence upon which the cause was submitted to the District Court.

Judgment was rendered in favor of plaintiff, and defendant, *Davern*, appeals.

It is proved that the note, at maturity, belonged to *John Slidell*, to whom it had been originally given for money lent by him to *Corcoran ;* that *Slidell* was also creditor of *Heiss*, the plaintiff, in a note of the latter for six thousand dollars, secured by a bill of sale of the Delta newspaper ; that *Heiss's* note fell due the next day after the note of *Corcoran ;* that *Heiss's* note was renewed by *Mr. Slidell* for the sum of $4000 in *Heiss* and *Kendall's* joint and several note, at *Heiss's* solicitation ; that in renewing said note, *Heiss* being a partner of *Corcoran* in the Delta, *Mr. Slidell* insisted that *Mr. Heiss* should assume the payment of this note of *Corcoran*, which was then under protest ; that accordingly, *Heiss* gave *Slidell* his individual note, payable the 1st of January, 1856, for the amount of *Corcoran's* note ; that *Slidell* retained possession of the note now sued on, as collateral, until *Heiss's* note aforesaid was paid ; when he delivered it to *Heiss*.

It is also proved, that *Denis Corcoran* sued *John P. Heiss* and *Wm. G. Kendall* for settlement of a partnership which his petition alleged to exist between himself and the said parties, in the newspaper and job offices of the New Orleans Daily Delta and the New Orleans Weekly Delta, in the proportion of one-half belonging to *Heiss*, one-fourth to *Kendall*, and one-fourth to *Corcoran*. The petition sets forth that said partnership property and business is valuable and lucrative ; and that *Heiss* and *Kendall* have in their possession and control the books and accounts of the same, and refuse to pay over to petitioner his share of the profits, but have retained and appropriated the same to their own use. It concludes by a prayer for an account, &c.

The separate answer of *Heiss* to this petition admits that a partnership existed as alleged ; and that, at the time of the institution of the suit, *Corcoran* owned one-fourth of the Delta ; alleged various matters of defence, and prayed for auditors to examine and report on an account which *Heiss* annexes to his answer ; which account shows a large balance to the credit of the partnership.

*Kendall's* separate answer adopts the pleas of his co-defendant, *Heiss*, to whom he alleges he had sold out his own interest in the partnership, since the suit was instituted. Thus far, the transcript of the suit given in evidence ; which would thus seem to have been still pending and undecided when the present action was tried.

The above constitutes the substance of the evidence given on the plea of payment and exception of partnership and litispendence filed by *Corcoran* and adopted by *Davern*. It is contended by counsel of plaintiff, in argument, that we should

disregard it, for the reason that the supplemental answer of *Davern* was filed too late; and of that opinion was the District Judge, as expressed in his reasons for judgment.

Upon this point of practice, we are of opinion, that where, as here, a supplemental and amended answer has been filed by order of court, the Judge who permitted its filing cannot, *proprio motu*, rule it out, as not filed in time; and that where, as here, witnesses have been offered and cross-examined without objection, and written evidence offered and received without a proper and intelligible exception reserved, the party against whom such parol and written evidence has been given, cannot be heard to object in this court to its admissibility.

It is unnecessary, in this state of facts, to determine whether this appellant, an accomodation endorser, would not have been entitled, even without specially pleading it, to have availed himself of any legal defence to the action, which had been pleaded by his co-defendant.

Upon the other plea, want of notice, we think the case is with appellant. In protesting the note, the Notary declares that he presented it for payment to the maker, through his deputy, *A. Commandeur;* and he certifies that he notified the endorser, *James Davern,* by a letter to his address put in the Post Office, after vain attempts made to find him or his domicil by the Notary's deputies, *Barry* and *Swiler.*

On the trial, the two deputies of the Notary, *Barry* and *Swiler,* were sworn for plaintiff, and proved inquiries made by them, as stated in the certificate. But a third clerk or deputy of the Notary, *Commandeur,* the same named in the protest as having made demand of payment of *Corcoran,* being examined, also for plaintiff, says : " that if he had had the notice of protest to serve on *Davern,* he would not have thought of putting it in the Post Office. He thinks he could have found him, or his residence, with very little trouble. *Davern* is generally known."

In corroboration of *Commandeur's* testimony, seven witnesses, examined for defendant, two of whom are Notaries Public, testify that *Davern* is a man generally known ; that he has been residing for twenty years past in the neighborhood of the New Basin ; that he has been a member of the City Council ; that his residence must have been known to *Mr. Turner,* the agent of *Mr. Slidell,* the holder of the note at maturity, &c. On this last fact, which is peculiarly important, *Mr. Slidell* himself, who is one of those witnesses says : " Witness is satisfied that *Mr. Turner* must have known the place of residence of *Mr. Davern. Davern,* the witness would suppose, was as well known as any person about town." And *John G. Burrows,* another witness, who was employed in *Turner's* office, says : " Witness's strong impression and conviction is, that *Turner* knew where *Davern* lived." It must be observed, that *Turner* was dead when this cause was tried.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that there be judgment against plaintiff, and in favor of *James Davern,* defendant, with costs in both courts.